THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. DANNY ROOP, Defendant-Appellee (Marty Katherine Crouse, as Adm'r of the Estate of Raigen Crouse, Deceased, Plaintiff-Appellant).

Third District   No. 3—95—0233

Opinion filed November 9, 1995.

Mark A. Schindler, of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for appellant.

Wade M. Breaux, of Sreenan & Cain, of Rockford, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Marty Crouse, acting as the administrator for the estate of Raigen Crouse, filed a petition seeking to enforce a restitution order that had been entered against the defendant, Danny Roop. The circuit court denied the petition. The plaintiff appeals and we affirm.

The record reveals that there was an automobile accident which resulted in the death of Raigen Crouse and another person. Based upon his participation in the accident, the defendant was convicted of reckless homicide. (720 ILCS 5/9—3 (West 1994).) The defendant was sentenced to a term of imprisonment and was ordered to

> "pay restitution to the families of the victims for funeral expenses in the amount of $14,940.06 which shall be paid out of bail if it is not paid through civil proceedings: the clerk of the court is to hold this amount of bail for up to one year."

The plaintiff subsequently filed a petition seeking payment of the court-ordered restitution. The defendant filed a response in which he claimed the plaintiff was not entitled to have restitution taken from the $14,940.06 in bail money because the plaintiff had already settled with the defendant's insurance company. Following a hearing and arguments by counsel, the trial court denied the petition for restitution, noting that the plaintiff had recovered $100,000 from the defendant's insurance company.

On appeal, the plaintiff cites *People v. Abraham* (1980), 89 Ill. App. 3d 786, 412 N.E.2d 45, and *People v. Wilson* (1980), 87 Ill. App.

3d 544, 408 N.E.2d 1209, in arguing that the trial court erred in refusing to enforce the order of restitution. We disagree.

We begin by noting that both *Wilson* and *Abraham* held that victims could recover restitution from defendants despite the fact that the victims were also able to recover from their own insurers. Both *Wilson* and *Abraham* relied upon the collateral source rule as support for their holdings. *Abraham*, 89 Ill. App. 3d at 788, 412 N.E.2d at 46; *Wilson*, 87 Ill. App. 3d at 550, 408 N.E.2d at 1213.

■ Under the collateral source rule, benefits received by the injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor. (*Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 546 N.E.2d 524.) The justification for this rule is that the wrongdoer should not benefit from the expenditures made by the injured party or take advantage of contracts or other relations that may exist between the injured party and third persons. (*Wilson*, 131 Ill. 2d at 320, 546 N.E.2d at 530.) Accordingly, the collateral source rule does not apply where the source of the proceeds is insurance paid for by the defendant. (*Poltrock v. Chicago & North Western Transportation Co.* (1986), 151 Ill. App. 3d 250, 502 N.E.2d 1200; *Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 392 N.E.2d 1.) Because *Wilson* and *Abraham* involved situations where recovery came from the *victims'* insurance, we find them to be inapposite to the instant case where the victim recovered from insurance *paid for by the defendant.*

■ Moreover, in the case at hand, the trial court's restitution order expressly stated that the $14,940.06 "shall be paid out of bail *if it is not paid through civil proceedings.*" (Emphasis added.) The $100,000 award from the defendant's insurance company obviously constituted payment through civil proceedings. Thus, based upon the express language of the restitution order, the plaintiff was not entitled to recover further restitution from the bail.

For the reasons set forth above, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

McCUSKEY and HOLDRIDGE, JJ., concur.